UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CHAPTER 7 CASE NO.: 09-07573-AJM-7 |
| NAME:   WILLIAM ANTHONY BAILEY | ) | |
| SUZANNE MARIE BAILEY | ) | |
| a/k/a SUZANNE SPEIGHTS | ) | |
| | ) | |
| ADDRESS:  10736 Mistflower Way | ) | |
| Indianapolis, IN 46235 | ) | |
| | ) | |
| SSN:   XXX-XX-5932 | ) | |
| XXX-XX-9067 | ) | |
| | ) | |
| Debtors. | ) | |

| | |
|---|---|
| | ) |
| Suzanne Bailey a/k/a Suzanna Speights, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| AFNI, Inc. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT SEEKING DAMAGES FOR VIOLATION
OF THE DISCHARGE INJUNCTION**

I. Introduction

1. This is an action for actual, punitive, and statutory damages, legal fees and costs pursuant to 11 U.S.C. § 524.

2. This action is also filed to enforce and to implement other provisions of the United States Bankruptcy Code and Rules Related thereto.

1

## II. Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns the discharge entered in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event the plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## III. Parties

7. Plaintiff in this case is a resident of the full age of majority, domiciled in the City of Indianapolis, Marion County, Indiana. The plaintiff was a debtor under Chapter 7 of Title 11 of the United States Code in Bankruptcy Case No. 09-07573.

8. Defendant in this case, AFNI, Inc. ("AFNI"), is a "creditor". AFNI is a corporation organized under the laws of the State of Illinois whose principal business address is 404 Brock Dr., Bloomington, IL, 61701.

## IV. Factual Allegations

9. Plaintiff filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on May 28, 2009.

10. Plaintiff was listed under both her marital name, Suzanne Bailey, and her premarital name, Suzanne Speights, on the bankruptcy petition.

11. Defendant, AFNI, was listed on Schedule F at P.O. Box 3427, Bloomington, IL, 61702-3427.

12. Notice of the meeting of creditors was mailed to AFNI by the Bankruptcy Noticing Center on June 4, 2009.

13. The meeting of the creditors was held on July 13, 2009, at Indianapolis, Indiana.

14. Plaintiff received a Chapter 7 discharge by Order of the Court signed September 17, 2009. Notice of the discharge was mailed to Defendant, AFNI, by the Bankruptcy Noticing Center on September 19, 2009.

15. Upon information and belief, Defendant received all notices mailed by the Bankruptcy Noticing Center.

16. Plaintiff was represented by an attorney at all times throughout the bankruptcy proceedings.

17. The discharge order signed by the Court and mailed to Defendant by the Bankruptcy Noticing Center contains the following language:

> "**<u>Collection of Discharged Debts Prohibited</u>**
> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor . . . A creditor who violates this order can be required to pay damages and attorney's fees to the debtor."

18. Despite the notices of the bankruptcy filing and of the discharge order, Defendant is still actively seeking a pre-petition, discharged debt from Plaintiff.

19. On February 6, 2010 and March 19, 2010, AFNI sent a letter to Plaintiff as an attempt to collect a debt included in her bankruptcy.

20. As a result of Defendant's actions, Plaintiff has suffered anxiety and emotional distress, the fear of a lawsuit, of having his credit further harmed, and has endured the loss of time and expense associated with rectifying the matter.

## V. First Claim for Relief:
## Violation of the Discharge Injunction and Contempt of Court

21. The allegations of Paragraphs 1 through 20 of the complaint are realleged and incorporated herein by reference.

22. Pursuant to 11 U.S.C. § 524, a discharge order "operates as an injunction" against acts to collect on discharged debts.

23. Defendant's actions set forth hereinabove constitute willful violations of the discharge injunction.

24. Defendant's actions constitute contempt of court.

25. As a result of Defendant's actions, Defendant is liable to Plaintiff for damages, attorney's fees and costs.

WHEREFORE, Plaintiff, having set forth his claims for relief against Defendant, respectfully prays the Court as follows:

1. That Plaintiff has and recovers against Defendant a sum to be determined by the Court in the form of actual damages;

2. That Plaintiff has and recovers against Defendant a sum to be determined in the form of punitive damages;

3. That Plaintiff has and recovers against Defendant all reasonable legal fees and expenses incurred by the attorney;

4. That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*Catherine A. Cooke* (signature)
Catherine A. Cooke
John Steinkamp and Associates
Attorney for Debtor/Plaintiff
6229 S. East St., Ste. A
Indianapolis, IN 46227
Office: (317) 782-9800
Fax: (317) 782-9812